# Order

**Michigan Supreme Court**
**Lansing, Michigan**

September 22, 2006

121995 (10)(12)

In re:

The Honorable GERARD TRUDEL,
Judge, 24th District Court

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 121995
JTC: Formal Complaint No. 68

_____/

On order of the Court, the motions for appointment of a receiver and for relief from orders are considered, and they are DENIED, because the Court is not persuaded that it should grant the requested relief. Petitioner Judicial Tenure Commission seeks the appointment of a receiver in its ongoing collection efforts against respondent former judge. Petitioner requests a receivership over respondent's real property but has not shown that all less intrusive means, such as a creditor's examination, were ineffective. *Reed v Reed*, 265 Mich App 131, 162 (2005). Indeed, petitioner has not exhausted other remedies to pursue payment by respondent. See *Petitpren v Taylor School Dist*, 104 Mich App 283, 295 (1981). Our cases note that the appointment of a receiver is a "harsh proceeding, which should only be resorted to in extreme cases." *People v Israelite House of David*, 246 Mich 606, 618 (1929); *Michigan Minerals, Inc v Williams*, 306 Mich 515, 525 (1943). The appointment of a receiver at this juncture would be premature.

WEAVER, J., concurs and states as follows:

I concur in the order denying the motion for appointment of a receiver and for relief from orders. I write separately to note that my basis for denial of petitioner's motion is that there is no constitutional authority to assess costs against a judge. Subsection 2 of Const 1963, art 6, § 30 provides that "the supreme court may censure, suspend with or without salary, retire or remove a judge . . . ." As I stated in my concurrence in *In re Noecker,* 472 Mich 1, 18-19 (2005), "Nothing in this constitutional provision gives this Court any authority to discipline the judge by assessing the judge the costs of the Judicial Tenure Commission proceedings against him or her."



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

September 22, 2006

*Corbin R. Davis*

Clerk

t0919